**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

|  |  |  |
|---|---|---|
| **MICHAEL ANDREW WORTHAM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:08-CV-121-BI |
| | § | ECF |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the court upon Defendant's motion to dismiss filed December 11, 2008 (Doc. 10), and appendix in support therein (Doc. 11). Defendant asks that Plaintiff's complaint be dismissed for failure to exhaust his administrative remedies. The court entered an order directing any parties wishing to respond to do so no later than January 22, 2009 (Doc. 12). Plaintiff has failed to respond to the motion to dismiss. Plaintiff filed a motion on May 8, 2009, seeking an award of past due supplemental security income (SSI) payments (Doc. 14). Plaintiff consented to having the United States Magistrate Judge conduct all further proceedings on September 29, 2008 (Doc. 7). Defendant indicated his consent on May 14, 2009 (Doc. 15).

Defendant has moved to dismiss this case, arguing that Plaintiff has failed to exhaust his administrative remedies prior to filing the instant civil action, thereby depriving this court of jurisdiction over the claims set forth in Plaintiff's complaint.

Subject-matter jurisdiction pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject-matter jurisdiction

must be established as a threshold matter, without exception. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998). No action of the parties can confer subject-matter jurisdiction upon a federal court. Similarly, "federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (quoting *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997)).

The Social Security Act provides for district court review of the final decision of the Commissioner. Title 42 U.S.C. § 405(g) provides, in pertinent part that:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); see also 20 C.F.R. §§ 404.900(a)(5), (b), 416.1400(a)(5), (b); 42 U.S.C. § 405(g) (providing for judicial review of "final" administrative decisions).

A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). A claimant fails to exhaust his administrative remedies if he does not raise a claim of error to the Appeals Council before filing suit on that basis. *McQueen v. Apfel*, 168 F.3d 152, 155 (5th Cir. 1999). The necessity of presenting a claim to the Commissioner is jurisdictional and non-waivable. *Ellison v. Califano*, 546 F.2d 1162, 1164 (5th Cir.1977) (internal citations omitted). Exhaustion of the administrative remedies is completed upon the issuance of a final decision by the Appeals Council. *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987). Thereafter, a claimant may seek

judicial review by filing a complaint in the district court. *Harper*, 813 F. 2d at 730 (citing 20 C.F.R. §§ 416.1400 and 416.1481 and *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977)).

Exhaustion of administrative remedies requires a claimant to:

1. Present a claim and receive an initial determination and, if dissatisfied –
2. Request reconsideration of the initial determination and, if dissatisfied –
3. Request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge –
4. Request review by the Appeals Council.

20 C.F.R. § 404.900(a)(1)-(4) (2004) . The Commissioner's decision is final, and the claimant may seek federal court review only when the claimant has "completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4)." *Id.* § 404.900(a)(5).

The undisputed facts in this case demonstrate that Plaintiff received a fully favorable decision before the Commissioner on April 18, 2008, and did not file a request for review by the Appeals Council. Plaintiff indicates that he is challenging the failure to award him benefits for March, April, and May of 2001. These facts are sufficient to demonstrate that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g) and as described in the applicable regulations.

The court has carefully considered the allegations in Plaintiff's complaint, the motions, the submissions of the parties, and the applicable law. The court finds that the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies before filing the complaint in this case. Therefore, this court lacks subject-matter jurisdiction to consider Plaintiff's complaint at this time. The Defendant's motion to dismiss should be granted, and Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff filed a separate motion on May 8, 2009 (Doc. 14) again asking for an award of the supplemental security income benefits sought in his complaint. The court having found that it lacks

-4-

subject-matter jurisdiction to address Plaintiff's claim for supplemental security income benefits for the months of March, April, and May 2001, Plaintiff's motion is **DENIED**.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss filed December 11, 2008 (Doc. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Past Due SSI Payments filed May 8, 2009 (Doc. 14), is **DENIED.**

**FINALLY, IT IS ORDERED** that Plaintiff's complaint filed September 17, 2008 (Doc.1), is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED.**

Dated May 19, 2009.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**